## FOURCHON, INC.

v.

## LOUISIANA NATIONAL LEASING CORPORATION, et al.

### Civ. A. No. 82–127–B.

United States District Court, M.D. Louisiana.

Oct. 21, 1982.

Robert N. Habans, Jr., McGlinchey, Stafford & Mintz, New Orleans, La., for plaintiff.

David Vaughn, Sanders, Downing, Kean & Cazedessus, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

Fourchon, Inc. has filed this suit seeking to recover damages from Louisiana National Leasing Corporation (LNL) and Louisiana National Bank (LNB). Fourchon contends that it obtained a loan from LNL for $700,000 and that LNL knowingly charged "interest on interest" on the loan in violation of Article 1939 of the Louisiana Civil Code. As a result, Fourchon contends that LNL violated 12 U.S.C. § 85 which provides that a national bank in a particular state may charge the same maximum interest rate as is permitted by state law to state banks in that state. Thus, Fourchon contends that under 12 U.S.C. § 86 Fourchon is allowed to recover twice the amount of any usurious interest paid to the defendants in this case. LNB has been named as a defendant in this case because it is alleged that Fourchon's loan was assigned, pledged or otherwise transferred to LNB.

This matter is now before the Court on the motions of the defendants to dismiss under Rule 12(b)1 and 6 of the Federal Rules of Civil Procedure. The defendants contend that this suit should be dismissed on the grounds that the Court does not have subject matter jurisdiction and for the addi-

tional reason that the complaint fails to state a claim upon which relief may be granted. Because the defendants have presented to the Court matters outside of the pleadings and because the Court has considered these matters, defendants' motion to dismiss must be converted to a motion for summary judgment under the Federal Rules of Civil Procedure. Since the plaintiff has responded to these motions as if they were motions for summary judgment, it is not necessary for the Court to give the plaintiff additional time within which to file an opposition to these motions. On July 6, 1979, the plaintiff borrowed the sum of $700,000 from LNL with interest calculated at 4½% over the prime rate of Chase Manhattan Bank of New York. The note signed by the plaintiff calls for installment payments resulting in Fourchon's paying back a total sum equal to a principal sum of $708,400 with interest based on that amount. Fourchon contends that because it must pay back the $8,400 in addition to the $700,000, with interest calculated on the $708,400, it is being assessed interest on interest. The defendants contend that they made a second loan in the amount of $8,400 to Fourchon to enable the plaintiff to pay back the interest due on the extra grace time which was given to the plaintiff.

■ The defendants contend that they are entitled to summary judgment in this case and cite five separate reasons to support their argument. It is only necessary for the Court to discuss one of these contentions to dispose of this motion. Defendants contend that because the loan was secured by a preferred ship mortgage, the loan could bear whatever rate of interest the parties should agree to under 46 U.S.C. § 926(d). As a result, defendants contend that their summary judgment should be granted and plaintiff's suit should be dismissed. The Court agrees with defendants' contention.

12 U.S.C. § 85 provides in pertinent part that:

> Any association may take, receive, and charge on any loan or discount made, or upon any notes, bills of exchange, or oth-

er evidences of debt, interest at the rate allowed by the laws of the State, . . . where the bank is located . . .

Furthermore, 12 U.S.C. § 86 provides that:

> The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred.

Sections 85 and 86 must be considered together and provide a remedy for a borrower who has been charged a rate of interest by a national bank which exceeds the rate of interest which could have been charged by a state institution. However, 46 U.S.C. § 926(d) provides that a "preferred mortgage may bear such a rate of interest as is agreed by the parties thereto." Section 926(d) is part of the Preferred Ship's Mortgage Act, 46 U.S.C. § 911 et seq. Under 926(d), a banking institution whether state or federal, may grant a loan secured by a preferred ship mortgage and may charge such rate of interest as may be agreed to by the borrower. Any conflict which may appear to exist between 46 U.S.C. § 926(d) and 12 U.S.C. §§ 85 and 86 may be resolved by reviewing the policies which led to their enactment. Sections 85 and 86 were enacted as part of the National Bank Act to allow national banks to compete on an even basis with state banks. See *Tiffany v. Bank of Missouri*, 18 Wall. 409, 85 U.S. 409, 21 L.Ed. 862 (1874).

■ The Ship Mortgage Act was enacted to provide substantial security to persons applying essential security to the shipping industry. Thus, it is "clear that Congress intended that the ready availability of

credit to support interstate commerce should not be impeded by parochial limitations and that the Act should wholly and completely supersede state law and practice in every respect." *J. Ray McDermott, Inc. v. Vessel Morning Star,* 457 F.2d 815 at 817–818 (5 Cir. 1972). Thus, it is clear that in determining the proper rate of interest to be charged on a loan secured by a preferred ship's mortgage, the Ship Mortgage Act governs the construction and validity of both the note and the mortgage. *C.I.T. Corporation v. M/V Eileen,* 447 F.2d 761 (5 Cir. 1971); *Walter E. Heller and Co. v. O/S Sonny V.,* 595 F.2d 968 (5 Cir. 1979); *Nat G. Harris Overseas Corp. v. American Barge Sun Coaster,* 475 F.2d 504 (5 Cir. 1973). Under these cases the Fifth Circuit has held that § 926(d) expressly gives the parties complete freedom with respect to the interest rates that a preferred mortgage may bear and that the state usury laws are irrelevant in actions involving preferred ship mortgages.

Thus, the Court finds that 12 U.S.C. §§ 85 and 86 do not provide a remedy for a borrower who seeks to contest his rate of interest under state law where a preferred ship mortgage is involved. Fourchon cites no authority and presents no rationale which would justify interpreting rate of interest under the Ship Mortgage Act more restrictively than it is interpreted under the National Bank Act. Thus, since the Ship Mortgage Act of 1920 governs the construction and validity of the note and mortgage involved in this case and because § 926(d) of the Act provides that the parties shall be given the freedom of contract to agree on a rate of interest to be charged on the note, defendants' motions for summary judgment should be granted under the facts of this case. It is clear that Congress intended to remove parochial limitations to the ready availability of credit when it enacted the Ship Mortgage Act. To ensure the desired uniformity which is required to make the Ship Mortgage Act effective, the Court finds that Article 1939 of the Louisiana Civil Code is preempted by the Ship Mortgage Act and can have no application to a loan secured by a preferred ship mortgage.

Therefore:

IT IS ORDERED that the motion of the defendants Louisiana National Leasing Corporation and Louisiana National Bank for summary judgment be and each is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's suit against these defendants be and it is hereby DISMISSED.

Judgment shall be entered accordingly.